Raymond J. Tittmann, No. 191298
Robert D. Whitney No. 296015
**EDISON, McDOWELL & HETHERINGTON LLP**
1 Kaiser Plaza, Suite 1010
Oakland, CA 94612
Telephone:    510.628.2145
Facsimile:     510.628.2146
Email:          raymond.tittmann@emhllp.com
                    robert.whitney@emhllp.com

Attorneys for Defendants:
THE NORTHERN ASSURANCE COMPANY OF AMERICA as successor in interest to
EMPLOYERS' SURPLUS LINES INSURANCE COMPANY and
THE CONTINENTAL INSURANCE COMPANY as successor in interest to HARBOR
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO GAS AND ELECTRIC COMPANY , <br><br> Plaintiff, <br><br> v. <br><br> NORTHERN ASSURANCE COMPANY OF AMERICA, as successor in interest to EMPLOYERS' SURPLUS LINES INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY as successor in interest to HARBOR INSURANCE COMPANY; ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED; and DOES 1-10, <br><br> Defendants. | Case No.  **'15CV0636 MMA RBB** <br><br> **NOTICE OF REMOVAL BY THE NORTHERN ASSURANCE COMPANY OF AMERICA AND THE CONTINENTAL INSURANCE COMPANY** <br><br> Removal Filed: March 20, 2015 |

NOW COMES The Northern Assurance Company of America[1] as successor in interest to

Employers' Surplus Lines Insurance Company ("Northern Assurance") and The[2] Continental

---

[1] Northern Assurance merged into OneBeacon America Insurance Company on August 1, 2013. Additionally, Plaintiff incorrectly named Northern Assurance as "Northern Assurance Company of America" instead of "The Northern Assurance Company of America".

[2] Plaintiff incorrectly named Continental as "Continental Insurance Company" instead of "The Continental Insurance Company."

Insurance Company as successor in interest to Harbor Insurance Company ("Continental"), in their own capacity, by and through its counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby give notice of the removal of this action to the United States District Court for the Southern District of California ("USDC Southern District").

As grounds for this removal, Northern Assurance and Continental state as follows:

## Removal Is Timely

1.     On or about February 11, 2015, Plaintiff San Diego Gas and Electric Company ("Plaintiff") filed a civil action against defendants Northern Assurance, Continental and Associated Electric & Gas Insurance Services Limited ("AEGIS") in the Superior Court of the State of California for the County of San Diego, now pending as Case No. 37-2015-00004804-CU-IC-CTL (the "State Court Action").  *See* Exhibit 1 to this Notice (Plaintiff's Complaint).

2.     Northern Assurance and Continental were served with the Complaint via personal service on or about February 19, 2015.  *See* Declaration of Raymond J. Tittmann in Support of Notice of Removal by Northern Assurance and Continental, filed simultaneously ("Tittmann Decl."), ¶ 2.  Accordingly, this removal is timely under 28 U.S.C. §1446 (b) (30 days for removal).

3.     A copy of all documents filed and served in the State Court Action is attached as Exhibit 1 to this Notice.

## This Court Has Diversity Jurisdiction over this Matter

4.     The present action is properly removable under 28 U.S.C. § 1441, which provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. . . .

5.     This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different States....

6. Additionally, the USDC Southern District is the district embracing the location where this State Court Action is currently pending.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as Plaintiff seeks "millions of dollars for its defense" and claims damages in an amount in excess of $10,000,000 pursuant to insurance policies issued to San Diego Gas and Electric Company. *See* Complaint ¶¶1, 76, 80 and 85.

**Citizenship of the Parties**

8. Plaintiff is a California Corporation with its principal place of business in San Diego, California. The Complaint states Plaintiff's principal place of business is San Diego, California. *See* Complaint ¶ 4. In addition, Exhibit A to the Tittmann Decl. is the California Business Entity Detail for Plaintiff from the California Secretary of State's website as of March 9, 2015. This exhibit demonstrates that Plaintiff is domiciled in and is a citizen of the State of California. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (when citizenship information is in the hands of the other party, "it was sufficient for Carolina to allege simply that the defendants were diverse to it"). Plaintiff is incorporated in California and maintains its principal place of business in California.

9. Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California and, as set forth in more detail in paragraphs 10-12, defendants Northern Assurance, Continental and AEGIS are corporations incorporated under the laws of different states and have a principal place of business outside of California.

10. Northern Assurance merged into OneBeacon America Insurance Company on August 1, 2013, which is a Massachusetts Corporation with its principal place of business in Canton, Massachusetts. Continental is a Pennsylvania Corporation with its principal place of business in Chicago, Illinois. Tittmann Decl. ¶ 4 and Exhibit B, Massachusetts Corporations Division Business Entity Detail for Northern Assurance and California Business Entity Detail for

1    Continental; *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (holding that a corporation's

2    "principal place of business" is "where a corporation's high level officers direct, control, and

3    coordinate the corporation's activities," which "will typically be a . . . corporation's

4    headquarters.").

5         11.     Northern Assurance and Continental are not incorporated in California and do not

6    maintain their principal place of business in California.  The majority of Northern Assurance

7    executive functions, production activities and operations occur in Canton, Massachusetts, while

8    Continental's occur in Chicago, Illinois.  Tittmann Decl. ¶ 4.  Canton, Massachusetts is Northern

9    Assurance's "nerve center" and Continental's is in Chicago, Illinois.  *Hertz Corp.* 559 U.S. 77 at

10    92-93.  Therefore, Northern Assurance is a citizen of Massachusetts and Continental is a citizen

11    of Illinois for diversity jurisdiction purposes.  28 U.S.C. § 1332(c)(l); *see also Indus. Tectonics,*

12    *Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Hertz Corp.*, *supra*, 559 U.S. 77 at 92-

13    93.

14         12.     Defendant AEGIS is a mutual insurance company organized under the laws of

15    Bermuda and does not maintain a principal place of business in California.  See 28 U.S.C. §

16    1332(c)(l).  Defendant AEGIS consents to and joins in this Notice of Removal.  Defendant

17    AEGIS's Joinder is attached hereto as Exhibit 2.

18         13.     As such, Plaintiff, on the one hand, and defendants Northern Assurance,

19    Continental and AEGIS, on the other hand, are citizens of different states, and complete diversity

20    of citizenship exists between the parties pursuant to 28 U.S.C. §1332; *See Carolina Cas. Ins.*

21    *Co.*, 741 F.3d at 1087-88 ("it was sufficient for Carolina to allege simply that the defendants

22    were diverse to it").

23                   **Adoption and Reservation of Defenses**

24         14.     Nothing in this Notice of Removal shall be interpreted as a waiver or

25    relinquishment of any right of Northern Assurance and Continental to assert any defense or

26    affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the

27    person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process;

28    (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join

1    indispensable parties; (8) any other pertinent defense available under California or Federal Rule

2    of Civil Procedure Rule 12, any state or federal statute, or otherwise; or (9) arbitration.

3         15.    Northern Assurance and Continental reserve the right to supplement this notice by

4    adding any jurisdictional defenses which may independently support a basis for removal.

5         16.    This Notice, together with the additional documents required under the local rules,

6    will be served on Plaintiff.  Also, as required by 28 U.S.C. §1446 (d), a copy of this Notice will

7    also be filed with the Clerk of the Superior Court of San Diego, California, the court in which the

8    state court action is filed.

9         WHEREFORE, Defendants Northern Assurance and Continental ask the Court to take

10   jurisdiction of this action by issuing all necessary orders and process to remove this action from

11   the Superior Court for the State of California, County of San Diego, to this Court.

12   Dated: March 20, 2015                      EDISON, McDOWELL & HETHERINGTON LLP

13

14

15                                        By:    _/s/ Raymond J. Tittmann_____
                                               Raymond J. Tittmann
16                                             Robert D. Whitney

17

18                                        Attorneys for Defendant
                                          NORTHERN ASSURANCE COMPANY OF
19                                        AMERICA, as successor in interest to
                                          EMPLOYERS' SURPLUS LINES INSURANCE
20                                        COMPANY; THE CONTINENTAL INSURANCE
                                          COMPANY as successor in interest to HARBOR
21                                        INSURANCE COMPANY

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

*San Diego Gas & Electric Company v. Northern Assurance Company of America et al.*
United States District Court: Southern District
Case No.

At the time of service I was over 18 years of age and not a party to this action. I am employed by EDISON, McDOWELL & HETHERINGTON LLP. My business address is 1 Kaiser Plaza. Suite 1010, Oakland, CA 94612. My business telephone number is (510) 628.2145; my business fax number is (510) 628.2146. On this date I served the following document(s):

**NOTICE OF REMOVAL BY THE NORTHERN ASSURANCE COMPANY OF AMERICA AND THE CONTINENTAL INSURANCE COMPANY**

**DECLARATION OF RAYMOND J. TITTMANN IN SUPPORT OF NOTICE OF REMOVAL BY NORTHERN ASSURANCE COMPANY OF AMERICA AND THE CONTINENTAL INSURANCE COMPANY**

**CIVIL CASE COVER SHEET**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

| | |
|---|---|
| Kirk Pasich<br>Sandra Thayer<br>Fiona Chaney<br>DICKSTEIN SHAPIRO LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067-3109<br>Telephone: (31 0) 772-8300<br>Facsimile: (310) 772-8301<br>pasichk@dicksteinshapiro.com<br>thayers@dicksteinshapiro.com<br>chaneyf@dicksteinshapiro.com | Attorneys for PLAINTIFF<br><br>SAN DIEGO GAS & ELECTRIC COMPANY |
| Susan J. Field<br>Lawrence A. Tabb<br>MUSICK, PEELER & GARRETT LLP<br>One Wilshire Boulevard, Suite 2000<br>Los Angeles, California 90017-3383<br>Telephone: (213) 629-7600<br>Facsimile: (213) 624-1376<br>*l.tabb@mpglaw.com*<br>*s.field@mpglaw.com*<br><br><br>John L. Rivkin<br>Steven Zuckermann<br>George D. Kappus<br>RIVKIN RADLER LLP<br>926 RXR Plaza<br>Uniondale, New York 11556 | Attorneys for DEFENDANT<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED |

| Telephone: (516) 357-3333<br>*john.rivkin@rivkin.com*<br>*steven.zuckermann@rivkin.com*<br>*george.kappus@rivkin.com* | |

**Via Mail**

[ X ]   By enclosing a true and correct copy thereof in a sealed envelope and, following ordinary business practices, said envelope was placed for mailing and collection in the offices of Edison, McDowell & Hetherington LLP in the appropriate place for mail collected for deposit with the United States Postal Service.  I am readily familiar with the Firm's practice for collection and processing of correspondence/ documents for mailing with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on this same day.

**Via Facsimile**

[ ]   By transmitting via facsimile the correspondence/document(s) listed above from fax number 510.628.2146, to the fax number(s) set forth above during the ordinary course of business on this date before 5:00 p.m.  I am readily familiar with the Firm's practice for collection and processing of correspondence/ document(s) via facsimile transmission(s).  The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

**Via Overnight Delivery**

[ ]   By enclosing a true and correct copy thereof in a sealed envelope(s), addressed as above, and placing for collection by overnight mail delivery service.  I am readily familiar with the Firm's practice for collection and processing of correspondence/ documents for overnight delivery , and any correspondence/document(s) placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail delivery service to receive correspondence/documents(s), with delivery fees paid or provided for, this same day, for delivery on the following business day.

**Via Hand Delivery**

[ ]   By enclosing a true and correct copy thereof in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on this day by courier service following ordinary business practices.

**Via Electronic Service**

[ ]   Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

I declare that I am employed in the office of the member of the bar of this court at whose direction the service ways made.

EXECUTED on March 20, 2015 at Oakland, California.

_____

Venice Salvacruz

NOTICE OF REMOVAL BY THE NORTHERN ASSURANCE COMPANY OF AMERICA AND THE CONTINENTAL INSURANCE COMPANY